**DAVOUD RAKHSHAN, Appellant**

**v.**

**AMERICAN SAMOA GOVERNMENT,
LBJ MEDICAL CENTER, DR. SALAMO LAUMOLI, and
DON NOEL, in their Capacities as LBJ Employees
and as Private Individuals, Appellees**

High Court of American Samoa
Appellate Division

AP No. 14-91

March 13, 1992

Before RICHMOND, Associate Justice, GOODWIN,* Acting Associate Justice, MUNSON,** Acting Associate Justice, MAILO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Appellant, Pro Se
 For Appellees, Aitofele Sunia, Assistant Attorney General

MUNSON, J.:

This is a direct appeal following trial, from a judgment issued by the High Court of American Samoa, Trial Division (Kruse, C.J.; Tauanu'u, C.A.J.; Mata'utia, A.J.) in favor of appellees American Samoa Government, LBJ Medical Center, Dr. Salamo Laumoli, and Dan Noel (collectively "A.S.G."[1]) and against appellant Davoud Rakhshan ("Rakhshan") on his claim of wrongful failure to hire or breach of a prospective employment contract.

Rakhshan contends that there was a valid contract between Dr. Salamo Laumoli, who is an employee/agent of LBJ Medical Center, and himself, to hire him as a dentist at the dental clinic, and that A.S.G. breached this agreement.

We conclude that the factual finding that there was no such contract was not clearly erroneous and that the judgment should be upheld.

ISSUE

---

* Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Mariana Islands, serving by designation of the Secretary of the Interior.

[1] Because the fictitious "Doe" defendants were not identified prior to trial, they have been stricken from the caption and are dismissed as defendants.

Did the Trial Division err in its finding that there was no breach of a prospective employment contract?

## PROCEDURAL HISTORY

Three pro se cases filed by Rakhshan, CA Nos. 20-90, 103-90, and 109-90, were consolidated for trial. The action from which this appeal is taken, CA No. 103-90, is based upon allegations of wrongful failure to hire; the other two cases involved alleged wrongful detention by immigration officials. The court issued its opinion and order on July 5, 1991, finding no merit to Rakhshan's claims. Rakhshan filed a motion for new trial or for reconsideration pursuant to T.C.R.C.P. 59(a) and A.S.C.A. § 43.0802(a) on July 15, 1991. The motion came before the court for hearing on July 29, 1991 (Kruse, C.J.; Mataʻutia, A.J.; Logoai, A.J.), and was denied on that date. No appeal was taken from CA Nos. 20-90 and 109-90. Rakhshan filed his appellant's brief in AP No. 14-91, appealing from CA No. 103-90, on October 17, 1991. No appellee briefs were filed by any party before or after the November 18, 1991, response date.

## FACTS

The facts in this matter have been extensively set forth in the comprehensive consolidated opinion Rakhshan v. American Samoa Government, 20 A.S.R.2d 1 (Trial Div. 1991); see also Rakhshan v. Fuimaono, 18 A.S.R.2d 77 (Trial Div. 1991) (suit against former attorney); Rakhshan v. Immigration Board, 15 A.S.R.2d 29 (App. Div. 1990) (stay of deportation to Iran); Rakhshan v. Immigration Board, 13 A.S.R.2d 25 (App. Div. 1989) (stay of deportation); Rakhshan v. Immigration Board, 12 A.S.R.2d 72 (App. Div. 1989) (denial of ex parte petition for stay), so a brief summary will suffice.

Rakhshan is a national of Iran who first arrived in American Samoa under a temporary visitor's permit on May 3, 1987, from the Philippines, where he had earned a degree in dentistry. In an attempt to remain in the Territory after the expiration of his permit he befriended Dr. Laumoli, Chief of Dental Services at LBJ Medical Center, and got him to sign a short letter on official letterhead for the purpose of securing an immigration permit. The letter falsely stated, "We are in the process of hiring Dr. Davoud Rakhshan to work here in American Samoa as a general practitioner dentist."

On that basis, along with the facts that he was permitted to

117

"observe" at the clinic for five months without pay, and that he had various other contacts with the parties, Rakhshan contends that there was a valid offer of employment which was not honored. A.S.G. denied that any such offer was made, and the trial court did not believe Rakhshan.

## STANDARD OF REVIEW

Under A.S.C.A. § 43.0801(b), we review the decision of the Trial Division under the clearly erroneous standard. A trial court's findings of fact for which there is substantial evidence are not clearly erroneous and will not be disturbed on appeal, even though there is also substantial evidence in the record that would have supported a contrary finding by the trial court. Suapilimai v. Faleafine, 9 A.S.R.2d 16, 19 (App. Div. 1988). An appellant who seeks to overturn the trial court's findings of fact on appeal bears the heavy burden of showing that these findings were clearly erroneous in light of the record. Toleafoa v. Tiapula, 12 A.S.R.2d 56, 57 (App. Div. 1989).

An appeal that raises no legal issues is an abuse of process. If brought by a lawyer, such an appeal would violate his or her duty not to bring a frivolous appeal. Leomiti v. Pagofie, 2 A.S.R.2d 97 (App. Div. 1986).

## ANALYSIS

In an attempt to raise issues of law, Rakhshan breaks his appeal into four sub-issues concerning the non-existent contract: (1) offer/acceptance, (2) exchange of promises and formation of a contract, (3) breach of that contract by A.S.G., and (4) the trial court's failure to acknowledge the existence of the contract. Quite simply, however, these "legal" issues are a reflection of the fact that the trial court did not believe Rakhshan's testimony that he was offered a job, notwithstanding the letter to that effect and other evidence.

A mere disagreement with a trial court's factual findings does not raise a legal issue. If an attorney had filed a frivolous appeal such as this one, he or she would be subject to monetary sanctions. However, because appellant is a pro se litigant who we believe is under a pending deportation order, it would not be appropriate to impose further punishment on him for abuse of process.

Parties such as A.S.G. who decline to file an appellees' brief risk having their positions go unrecognized by the court. However, here

the appellees evidently decided the appeal was so unmeritorious that it was not worth the time and effort to rebut. In this instance they were correct.

## CONCLUSION

The function of an appellate court is to correct errors of law, and such errors of fact as are "clearly erroneous." A trial court may give conflicting testimony and evidence such weight as it deems fit. The determination by the trial court that it does not believe Dr. Rakhshan is not the proper subject of an appeal. The judgment is AFFIRMED.